NOTICE
Decision filed 10/22/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 250562-U

NO. 5-25-0562

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Jefferson County. |
| | ) | |
| v. | ) | No. 25-CF-147 |
| | ) | |
| MARLIN L. EDWARDS, | ) | Honorable |
| | ) | Matthew E. Vaughn, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE VAUGHAN delivered the judgment of the court.
Justices Moore and Hackett concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court's orders granting the State's verified petition to deny pretrial release and denying the defendant's motion for relief are affirmed.

¶ 2    The defendant, Marlin L. Edwards, appeals the July 8, 2025, order from the trial court of Jefferson County that granted the State's petition to deny pretrial relief and the July 14, 2025, denial of his motion for relief and immediate release.

¶ 3                              I. BACKGROUND

¶ 4    On July 7, 2025, the defendant was charged by information with one count of unlawful possession of a firearm by a repeat felony offender (UPFRF), a Class X felony, in violation of section 24-1.7(a) of the Criminal Code of 2012 (Code) (720 ILCS 5/24-1.7(a) (West 2024)), and two counts of resisting a peace officer, Class 4 felonies, in violation of section 31-1(a-7) of the

1

Code (*id.* § 31-1(a-7)). The charges stemmed from an incident on July 4, 2025. The defendant was later indicted by a grand jury on July 24, 2025, on the same counts.

¶ 5 On July 7, 2025, the State filed a verified petition to deny the defendant pretrial release based upon the defendant being charged with UPFRF, and the argument that the defendant's pretrial release would pose a real and present threat to the safety of any persons or the community. The same day, the pretrial investigation report was filed. The report noted that defendant had a Class 2 felony conviction for possession of narcotics, a Class 4 felony conviction for possession of a controlled substance, a Class X felony conviction for aggravated battery with a firearm, and a Class 4 felony conviction for obstruction of justice/destruction of evidence. It also noted that defendant received probation on his possession of narcotics conviction, but it was later revoked and he was sentenced to imprisonment. The report stated the defendant scored a 5 out of 14 on the Virginia Pretrial Risk Assessment Instrument-Revised, which placed him at a 14.9% risk of violating pretrial release conditions.

¶ 6 At the July 8, 2025, hearing on the State's petition, the State argued that the defendant could be detained in two ways due to the defendant being unable to receive probation, and that the offense of UPFRF is a statutorily enumerated detainable offense. The State informed the court that the defendant had two prior felony convictions for possession of a controlled substance and aggravated battery with a firearm. Then, the State proffered that Officers Jines, Morris, and Deadmond with the Mount Vernon Police Department, as well as Deputy Titzer with the Jefferson County Sheriff's Department, would testify as to the following.

¶ 7 On July 4, 2025, at approximately 2 a.m., officers responded to a call at a local bar due to a report of a fight in progress. When the officers arrived, the fight was no longer in progress, but Officer Deadmond was notified by a witness at the scene that a man involved in the fight was in a

2

vehicle. The witness said the man brandished a firearm during the fight. The officers approached the vehicle and made contact with the man, who was identified as the defendant.

¶ 8    The officers asked the defendant if he had a weapon as described by the witness, which the defendant denied. The defendant denied consent to search the vehicle. Officers continued speaking with the defendant, but the defendant rolled up the windows of the vehicle and attempted to leave. However, an officer positioned his vehicle behind the defendant's so he would not be able to leave. The defendant then exited the vehicle with his hands raised. The officers intended to detain the defendant at that time, but he attempted to flee on foot. Eventually the officers detained defendant. During the scuffle to detain the defendant, Deputy Titzer suffered a bleeding forehead injury, and Officer Morris suffered an injury to his knee.

¶ 9    The bar owner then showed the officers the videos from his establishment, which corroborated the witness's statements that a man sitting in a silver vehicle was holding a black object during the course of the fight. The defendant was placed into custody, and a search of the vehicle revealed a GLOCK 19 9-millimeter handgun, as well as ammunition. Further investigation revealed that the vehicle was owned by the defendant's girlfriend. The State also proffered the defendant's criminal history, which included four prior felonies, including aggravated battery with a firearm and juvenile matters. It further noted that defendant had at least two failures to appear on traffic matters and the police report noted he had an active 2007 warrant.

¶ 10    The State contended that the defendant presented a danger to the community at large due to his behavior at the scene, brandishing a firearm during a fight at a bar, and his criminal history. Further, the defendant attempted to leave the scene after being detained for investigatory purposes, fought with officers, and injured two of them. The State asked the trial court to detain the defendant pending trial.

3

¶ 11    Defense counsel proffered that defendant resided in Mount Vernon for his entire life, had substantial familial ties to the area, and was employed at the time of his arrest. He completed high school and some college. He was not on probation, pretrial release, or work release, and had not been charged with a crime in 15 years. The defendant stated that he would accept any conditions for release, such as electronic monitoring and home confinement, and could stay with his mother or girlfriend.

¶ 12    The parties then proceeded to argument. The State argued that the defendant could be detained for two reasons, the first being that the offense of UPFRF is a statutorily enumerated detainable offense, and the second, that due to the defendant's criminal history, it is a nonprobationable offense. The State argued that the defendant presented a danger to the community because he brandished a weapon during a fight. His actions concerned witnesses, who reported the incident to officers. The State did not believe that any conditions, including home confinement, would mitigate the danger to the public because the defendant would still be able to leave home despite any form of monitoring. The State asked the trial court to detain the defendant pending trial.

¶ 13    Defense counsel argued that while defendant was charged with a qualifying offense, he was not a danger to any person or the community. Counsel stated that defendant was a member of the community, could reside at two residences, and was employed. Defendant had not been charged with a crime in 15 years. Further, he contended that defendant was not dangerous to any specific person, or to the community. Counsel asked for defendant's immediate release. The State responded, arguing that brandishing a weapon placed people near the defendant in danger had the firearm discharged.

4

¶ 14    The trial court gave a detailed oral pronouncement. It stated that the defendant placed members of the community at risk, specifically the injured officers at the scene and the witnesses placed at risk from the weapon. The defendant injured the officers in an attempt to flee and resist arrest in the vehicle and on foot. After the defendant's arrest, the weapon and ammunition were found near the driver's area of the vehicle. The trial court ordered the defendant to be detained pending trial due to committing a nonprobationable offense, and that he was a danger to the community based on his fleeing, the injuries to the officers, and his brandishing a firearm around others. The trial court's written order additionally stated, "No conditions would prevent the defendant from physically leaving his residence and obtaining an additional firearm."

¶ 15    The defendant filed a motion for relief and immediate pretrial release on July 9, 2025. The motion alleged that the trial court erred in granting the verified petition to detain because the State failed to meet its burden of proof for all the required elements. The defendant argued that the trial court failed to consider the defendant's length of residency and ties to the community; his willingness to abide by any terms of pretrial release; his employment opportunities; his "extended period of lawful behavior"; and that no persons were harmed in the commission of the alleged offense.

¶ 16    The matter proceeded to a hearing on the motion for relief on July 14, 2025. During the hearing, the defendant argued that the trial court failed to fully consider that listed in the motion. He further argued he did not attempt to flee and asked the court for immediate release. The State argued that the defendant provided no new information. The State provided the same information it proffered during the initial detention hearing, including the facts of the incident and the defendant's criminal history, and argued that he was a danger to the community. The State asked the trial court to deny the motion for relief, as the defendant still posed a risk to the community

and "no condition could prevent the defendant from physically leaving his residence and obtaining an additional firearm."

¶ 17    The trial court denied the motion, finding that the State proved all the elements during the initial hearing and the trial court reaffirmed its findings. In addressing whether the State proved no pretrial release conditions could mitigate the threat posed by the defendant, the court cited the altercation and harm the defendant caused to the officers.

¶ 18    The defendant appealed both hearings on July 14, 2025. The Office of the State Appellate Defender (OSAD) was appointed to represent the defendant. OSAD filed a memorandum pursuant to Illinois Supreme Court Rule 604(h)(7) (eff. Apr. 15, 2024) on behalf of the defendant. On appeal, the defendant argues that the State failed to present clear and convincing evidence that the defendant posed a clear and present danger, and that no set of pretrial conditions could mitigate the risk posed by the defendant.

¶ 19                                    II. ANALYSIS

¶ 20    A defendant's pretrial release may be denied only in certain statutorily limited situations. 725 ILCS 5/110-6.1 (West 2024). Upon filing a timely, verified petition requesting denial of pretrial release, the State has the burden to prove by clear and convincing evidence that the proof is evident or the presumption great that the defendant has committed a qualifying offense, that the defendant's pretrial release poses a real and present threat to the safety of any person or the community or a flight risk, and that less restrictive conditions would not avoid a real and present threat to the safety of any person or the community and/or prevent the defendant's willful flight from prosecution. *Id.* § 110-6.1(e), (f). The trial court may order a defendant detained pending trial if the defendant is charged with a qualifying offense, and the trial court concludes the defendant

poses a real and present threat to the safety of any person or the community (*id.* § 110-6.1(a)(1)-(7)) or there is a high likelihood of willful flight to avoid prosecution (*id.* § 110-6.1(a)(8)).

¶ 21 Where, as here, the parties proceed solely by proffer or submission of documentary evidence, we review the matter *de novo*. *People v. Morgan*, 2025 IL 130626, ¶ 54. As such, this court may conduct its own independent review of the proffered evidence. *Id.*

¶ 22 The pertinent statute provides a nonexhaustive list of factors courts should consider in determining whether a defendant poses a real and present threat to the safety of any individual(s) or the community. See 725 ILCS 5/110-6.1(g) (West 2024). Those factors include (1) the nature and circumstances of the offenses charged, including whether they are crimes of violence or involve a weapon; (2) whether the defendant's prior criminal history indicates "violent, abusive, or assaultive behavior, or lack of such behavior"; (3) the identity of any individual to whose safety the defendant may pose a threat and the nature of any such threat; (4) the defendant's age and physical condition; (5) the age and physical condition of the victim or complaining witness; (6) whether the defendant possesses or has access to any weapons; (7) whether the defendant was on probation, parole, or mandatory supervised release when arrested on the underlying charges or any other offense; and (8) any other factor that has a reasonable bearing on the defendant's propensity for violent, abusive, or assaultive behavior. *Id.* § 110-6.1(g)(1)-(9). No one factor is determinative, and the court must base its decision on an individualized assessment. *People v. Atterberry*, 2023 IL App (4th) 231028, ¶ 15 (citing 725 ILCS 5/110-6.1(f)(7) (West 2022)).

¶ 23 In the present matter, the defendant was charged with one count of UPFRF, a Class X felony, and two counts of resisting a peace officer, Class 4 felonies. The defendant brandished a weapon in public during a fight, resulting in concerned witness reporting the offense to law enforcement. The defendant's actions directly put the witness and those around him at risk of

7

injury by brandishing a weapon. The defendant was questioned by officers and then tried to flee, initially by vehicle and later by foot. The defendant injured two officers during their investigation. Officers viewed camera footage from the local bar, which corroborated the witness's account, and showed the defendant holding a black object during the fight. The defendant was previously convicted of aggravated battery with a firearm. While the defendant's history and characteristics are considered, they do not overcome the threat to the public. Viewing the evidence in its entirety, we find that the State met its burden of proving by clear and convincing evidence that the defendant posed a real and present threat to the safety of an individual or the community.

¶ 24    The defendant also argues that the State failed to prove that no condition or combination of conditions would ensure the safety of the community. The defendant specifically states several possible conditions, such as not violating any criminal statutes.

¶ 25    Once a court determines that the defendant poses a threat to the safety of any individual or the community, the trial court must determine whether the State has met its burden by clear and convincing evidence, what pretrial release conditions, "if any, will reasonably ensure the appearance of a defendant as required or the safety of any other person or the community and the likelihood of compliance by the defendant with all the conditions of pretrial release." 725 ILCS 5/110-5(a) (West 2024). In reaching its determination, the trial court must consider (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; (4) the nature and seriousness of the specific, real, and present threat to any person that would be posed by the person's release; and (5) the nature and seriousness of the risk of obstructing or attempting to obstruct the criminal justice process. *Id.* No singular factor is dispositive. See *id.*

8

¶ 26    It is important to note that one of the defendant's charges, UPFRF, as well as his prior conviction for aggravated battery with a firearm, necessarily involves a failure to comply with statutory requirements related to firearms. *People v. Brown*, 2024 IL App (5th) 240236-U, ¶ 34. The defendant presented some relevant favorable factors during the hearings, including his employment and continued residence in the same community for a long time. However, the evidence in its entirety, including defendant's criminal history and failure to comply with police directives, satisfied the State's burden of proof that the conditions of pretrial release would not mitigate that threat. As this court recently observed, many of the statutory factors courts are to consider in determining whether the conditions of pretrial release would be likely to mitigate any threat posed by the defendant are similar to the factors that address whether the defendant poses a threat in the first place. *Id.* ¶ 33.

¶ 27    Accordingly, we agree with the trial court that the defendant posed a real and present threat to the community, and that no condition or combination of conditions could reasonably ensure the safety of the public and pretrial detention is appropriate. The trial court's orders of July 8, 2025, and July 14, 2025, are affirmed.

¶ 28                              III. CONCLUSION

¶ 29    Based on the foregoing reasons, we affirm the trial court's orders of July 8, 2025, and July 14, 2025.


¶ 30    Affirmed.